O’Neall, J.
delivered the opinion,of the Court.
The point of practice involved in the defendant’s motion, in this case, has been, I think, considered settled since 1821. At fall term of that year was presented to the Court the case of Dobbins v. R. and Levi Hilburn, who were sued as joint and several makers of a promissory note. In it Judge Colcock had non-suited the plaintiff, inasmuch as he failed to prove the ease against Levi Hilburn. He delivered the opinion of the Court of Appeals, holding and ruling, as is well settled by the English cases, that when two are sued on a joint contract, and it cannot be proved as laid, the plaintiff must fail. His brethren Johnson, Nott and Huger, constituting a majority of the Court who heard the case, concurred in the result, inasmuch as the plaintiff had released Richard by the discharge, without his knowledge, of Mason, one of the original makers, but stated their opinion on the point before us, thus: “ I concur in this opinion, but not in the position that the plaintiff cannot discontinue against one defendant, when the cause of action is joint and several. I *283 think it within the discretion of the Court, but ought not to be exercised when it Wbuld operate as a surprise on the plaintiff.”
c '87 ’ ‘
Chev. 185.
i Rich. 34.
2 McMuii. 313.
2 McC. 271-2.
The case of Caldwell v. Harp recognised and affirmed the same doctrine. It has ever since been uniformly followed.
It is, perhaps, necessary to define with more precision, (if possible,) the cases where it applies. - In all actions on written contracts, when the liability is joint and several, and that appears either from the count, or from the copy of the writing filed with the declaration -or process, the rule allows the plaintiff failing to prove the case against all the joint makers, obligors or covenantors, to discontinue as to those against whom there is no proof, and even as to others against whom there may be proof, and take judgment against one against whom the proof establishes the contract. In sueh a case there can be no surprise, for the several liability is apparent on the record. To allow the objection to prevail, is only to turn the party round. This we have sedulously avoided, in all our departures from the English practice.
The case of Fitch v. Heisse affirms the same rule. It merely qualifies it, by deciding that the party of his own head cannot discontinue without leave of the Court.
It is very true that, according to Glenn v. Sims, if Wells had been one of the original makers of the note payable to himself, that sueh a fact would have discharged the legal obligation : but the proof shews that, on negotiating it to the plaintiff, he subscribed his name as one of the makers; that made a good several promise on his part to the bearer. Such a contract is abundantly sustained by Stoney v. Beaubien.
In this case, on the face of the paper, the contract appeared to be joint and several. It might well be supposed that the plaintiff) the bearer, could so recover upon it. It, however, is perfectly clear from what I have said, and from Ives v. Pickett, Oats and Griffith, that Wells’s undertaking could not be treated and considered as joint with the other makers. When this appeared, it would operate neither surprise nor injury to the defendant, Ellington Clark, to permit the plaintiff to discontinue as to Wells.
The motions of both defendant and plaintiff are dismissed.
The whole Court concurred.

Motions refused.